UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:06CV-278-H

ROHM and HAAS COMPANY                                               PLAINTIFF

V.

LOCAL 367, UNITED STEEL WORKERS                                     DEFENDANT
INTERNATIONAL UNION

**MEMORANDUM OPINION AND ORDER**

Defendant Local 367, United Steel Workers International Union (the "Union") represents 167 employees of Plaintiff Rohm and Haas Company ("Rohm and Haas"). The Union filed a complaint with the Kentucky Department of Labor (the "Department") alleging that Rohm and Haas has failed to pay certain of its employees proper wages. In response, Rohm and Haas filed this suit seeking a declaratory judgment under federal law concerning essentially the same issue. The Union has now filed this motion asking the Court to abstain and to dismiss the case. These unusual procedural circumstances present the question whether the Court should exercise the restraint of abstention. For the reasons outlined below, the Court agrees that abstention is appropriate.

I.

The underlying controversy arose for the following reasons. Rohm and Haas requires its employees to wear company uniforms during their shifts. The employees change into these uniforms at the Rohm and Haas plant at the start of each shift, and change out of them at the end of each day. The Union complained to Rohm and Haas that the employees were entitled to wage

compensation for the time that employees required to change into and out of the uniforms and move to and from the changing area to work stations. Informal discussions with the Kentucky Department of Labor failed to resolve the dispute. Consequently, on March 17, 2006, as provided for under state law, the Union filed a formal complaint with the Department, alleging a violation of K.R.S. § 337. The Department's investigation of the complaint is apparently still ongoing.

In June 7, 2006, Rohm and Haas filed this suit, seeking a declaratory judgment as to the applicability of certain federal labor statutes and the decision of the United States Supreme Court in *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005), to the employees' situation. In its pending motion, the Union argues that the doctrine of abstention enunciated by the Supreme Court in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), should cause the Court to abstain.

II.

Generally, abstention is a doctrine founded upon the principles of comity and federalism under which federal courts may decline to interfere with ongoing state proceedings of various types. Abstention "is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959).

The *Burford* abstention doctrine allows federal courts to abstain from deciding cases "when there is a need to defer to complex state administrative procedures." *MacDonald v. Village of Northport, Mich.*, 164 F.3d 964, 967 (6th Cir. 1999). The Supreme Court has explained that *Burford* abstention may apply in two distinct circumstances:

> Where timely and adequate state-court review is available, a federal court sitting in

2

> equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (quoting *Colorado River Water Dist. v. United States*, 424 U.S. 800, 814 (1976)). *Burford* abstention is generally proper only when the relief sought from the federal court is "equitable in nature or otherwise discretionary . . . ." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). Federal courts may either stay or dismiss altogether equitable actions under *Burford* abstention principles. *Id.* ("We have thus held that in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court").

Rohm and Haas urges the Court to follow Judge Charles Simpson's ruling in *Hasken v. City of Louisville*, 173 F.Supp.2d 654 (W.D. Ky. 2001), in which he denied a request for *Burford* abstention under somewhat similar circumstances. In *Hasken*, several retired firefighters disagreed with the City's calculation of overtime wages. The City pursued the state administrative route and the firefighters filed a federal lawsuit for damages under FLSA and state law. Citing *Quackenbush*, Judge Simpson declined to abstain, in part because the firefighters sought money damages. Our case is different in an important way because Rohm and Haas seeks only equitable relief, which makes the application of *Burford* abstention more appropriate and certainly permissible.

While *Burford* abstention is permissible in our case, whether to do so presents a close question.  Rohm and Haas argues that this Court's interpretation of both the federal statutes at issue and *Alvarez* will "help Kentucky courts and agencies interpret the Kentucky wage and hour statutes . . . because they largely mirror the federal ones."  One could suppose this to be true because state courts may well look to federal case law for guidance in this area.  However, it is an entirely different matter for a federal court to step forward with its own advisory opinion.  The existence of a prior state proceeding involving an issue similar to that raised in this subsequent federal case, suggests a reason to abstain rather than a reason to supercede.  Plaintiff can easily argue these federal authorities during the existing administrative proceedings.  This Court's exercise of federal review in an advisory capacity could be more intrusive than helpful to those ongoing state proceedings.

The Union could have pursued a federal remedy, but chose not to do so.  Instead, it has elected to pursue remedies available under state law via state administrative proceedings.  At this point, the Court has no indication that the Department will take action contrary to a federal statute or interest.  Moreover, Rohm and Haas has not identified a federal interest that is distinct from the state interest.  Nevertheless, to intervene in a state proceeding to assure that the Department acts in accord with federal law seems quite unnecessary at this time.  Based on the principles of federalism and comity, and for the other reasons stated, this Court will abstain from any decision that would unduly affect the ongoing state administrative proceeding.

### III.

The final question is to determine what procedural step *Burford* abstention requires:

4

should the Court dismiss the action altogether or simply stay the case?  The Supreme Court discussed this distinction in *Quackenbush*, comparing *County of Allegheny*, 360 U.S. 185, and *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959).  *See Quackenbush*, 517 U.S. at 720.  In *Thibodaux*, the Court affirmed a district court's decision to stay a case pending a state court's determination whether the city could exercise the power of eminent domain under state law.  *Thibodaux,* 360 U.S. at 30-31 ("[T]he district judge determined to solve his conscientious perplexity by directing utilization of the legal resources of Louisiana for a prompt ascertainment of meaning through the only tribunal whose interpretation could be controlling – the Supreme Court of Louisiana.").  In other words, the district judge stayed the case because the resolution – by a state court – of an underlying state law issue would help the federal case proceed.

On the same day *Thibodaux* was issued, the Court reversed the district court's *dismissal* of a case in *County of Allegheny*.  There, the Supreme Court found that the district court applied the incorrect remedy when it did not merely stay adjudication of the federal action pending the resolution of an issue in state court, but instead dismissed the litigation altogether.  *County of Allegheny*, 360 U.S. at 190.  Our case is different from both *Thibodaux* and *County of Allegheny*.  There is no need for a stay because the Kentucky Department of Labor's resolution of the case will not provide a definitive state law interpretation this case needs to proceed.  In fact, this case is not based on state law *at all*, and for that reason a stay would be nonsensical.  Therefore, dismissal without prejudice is the appropriate remedy.

For all these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for to dismiss is SUSTAINED and this case is dismissed WITHOUT PREJUDICE.

This is a final order.

cc:   Counsel of Record